UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHANE DEON WILLIS,

            Petitioner,

                                        6:13-cv-01529-CL

        v.

                                        FINDINGS AND
                                        RECOMMENDATION

JEFF PREMO,

            Respondent.

CLARKE, District Judge.

        Petitioner is in the custody of the Oregon Department of
Corrections pursuant to a Judgment dated April 10, 2008, from
the Marion County Circuit Court after convictions for Delivery
of  a  Schedule  II  Controlled  Substance  and  Possession  of
Methamphetamine.    Exhibit 101.    Following a jury trial,
petitioner was sentenced to 80 months of imprisonment on the
Delivery conviction and to a concurrent 48-month term of
imprisonment on the Possession conviction, followed by 36
months of post-prison supervision.    *Id*.

-1-

The Oregon Court of Appeals affirmed petitioner's convictions without opinion and the Oregon Supreme Court denied review. Exhibits 105 - 112.

Petitioner filed a petition for post-conviction relief, but the Umatilla County Circuit Court denied relief. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court dismissed the petition for review *sua sponte*. Exhibits 138 - 144.

Petitioner filed a First Amended Petition for habeas corpus relief under 28 U.S.C. § 2254 (#27) alleging two grounds for relief. In Ground One petitioner alleges that the trial court erred by denying his day-of-trial motion for substitute counsel. In Ground Two, petitioner alleges that the trial court violated his "speedy trial rights under the Sixth and Fourteenth Amendment(s)." First Amended Petition (#27) p. 6.

Respondent now moves to deny relief and dismiss this proceeding on the grounds that petitioner failed to fairly present either ground for relief in state court, and both grounds are now procedurally defaulted. Response (#38), p. 4. Respondent further contends that even assuming that petitioner fairly presented either Ground One or Ground Two in state court, this court should deny relief because the claims were denied in state court decisions that were not objectively

-2-

unreasonable, and that are entitled to deference by this court. Id., p. 7.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); see also, Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (holding that, when a petitioner failed to cite federal case law or mention the

-3-

federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984); Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to

-4-

the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner argued on direct appeal that the Sixth and Fourteenth Amendments "guarantee him the assistance of adequate counsel and make it incumbent on the court to make an inquiry into the source of the defendants' complaint underlying the pro se motion" [for substitute counsel]. Exhibit 105, p. 18-19. In his petition for review by the Oregon Supreme Court, plaintiff argued concerning the substitution of counsel issue that the court should "reevaluate the responsibility of a trial court judge to inquire into the complaints of a criminal defendant who is

-5-

represented by court appointed counsel." Exhibit 110, p. 6.

Petitioner's Petition for Review by the Oregon Supreme Court did not cite to the Sixth Amendment, or any other federal constitutional provision, or any United States Supreme Court decision. Petitioner's vague argument that the court should "reevaluate the responsibility of a trial judge" can not be construed as presenting any federal claim. Therefore, petitioner did not fairly present his Sixth and Fourteenth Amendment claim alleged in Ground One to the Oregon Supreme Court.

Petitioner filed a *pro se* supplemental brief on direct appeal alleging "[t]he facts establish that my fast and speedy trial rights have been violated. Fourteenth Amendment." Exhibit 106, p. 3. Although petitioner's brief quoted the trial court transcript of his motion to dismiss, the brief did not cite any other constitutional provisions or federal case law, or explain how the facts "established" a Fourteenth Amendment violation. Petitioner filed a *pro se* petition for review in the Oregon Supreme court in which he stated that he wished to present all issues raised before the Oregon Court of Appeals. Petitioner's *pro se* petition did not provide any argument regarding the speedy trial claim.

The Oregon Rules of Appellate Procedure provide:

Assignments of error are required in all opening briefs of appellants and cross-appellants. No

-6-

> matter claimed as error will be considered on
> appeal unless the claim of error was preserved in
> the lower court and is assigned as error in the
> opening brief in accordance with this rule,
> provided that the appellate court may consider an
> error of law apparent on the record.

ORAP 5.45(1)

The rules further provide that "[e]ach assignment of

error shall be separately stated under a numbered heading"

(ORAP 5.45(2), that "[e]ach assignment of error shall identify

precisely the legal, procedural, factual, or other ruling that

is being challenged," (ORAP 5.45(3), and that "[e]ach

assignment of error shall be followed by the argument" (ORAP

5.45(6); see also Baldwin, 541 U.S. at 32, Castillo, 399 F.2d

at 1000 ("[t]o exhaust his claim [a petitioner] must have

presented his federal constitutional issue before [the state

appellate courts] within the four corners of his appellate

briefing."). In addition, ORAP 9.05(4)(b) provides that the

petition shall contain "concise statements of the legal

question or questions presented on review and the rule of law

that the petitioner on review proposes be established if

review is allowed."

Petitioner's bare reference to the Fourteenth Amendment

in his appellate brief was not sufficient to adequately

present the federal claim he now alleges in Ground Two. See,

Castillo, 399 F.3d at 1002-03 (exhaustion "demands more than

a drive-by citation [to a federal constitutional provision],

detached from any articulation of an underlying federal legal theory."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings,[1] and thus cannot "fairly present" his claims in the First Amended Petition to Oregon's highest court. Therefore, the claims are procedurally defaulted. Petitioner has not established any cause or prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Assuming *arguendo* that petitioner's claims can be construed as having been were fairly presented to the Oregon Supreme Courts as a federal issues, they were denied in decisions that are correct on the merits and entitled to deference by this court.

---

[1]

ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court

-9-

and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that:

> Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable.

Andrade, Id.

The Andrade Court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily objectively unreasonable even if it is clear error.

> It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable.

Id.

It is not an objectively unreasonable application of clearly established federal law for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S.

-10-

70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are contrary to or objectively unreasonable applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ("Federal habeas is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller -El v. Cockrell, 537 U.S. 322, 340 (2003); Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n 7 (1997).

The trial court's denial of petitioner's day-of-trial motion for substitution of counsel was not an unreasonable application of federal law. See, Miller v. Blackletter, 525

-11-

F.3d 890, 895 (9th Cir. 2008) (Trial court has "wide latitude in balancing the right to counsel of choice against needs of fairness, and against the demands of its calendar"). Criminal defendants have the right to appointed counsel at every "critical stage," but do not have the right to have a particular attorney of their choosing. *See*, <u>Morris v. Slappy</u>, 461 U.S. 1, 13-14 (1983).; <u>Jackson v. Ylst</u>, 921 F.2d 882, 888 (9th Cir. 1990) ("[T]here is no automatic right to a substitution of counsel simply because the defendant informs the trial court that he is dissatisfied with appointed counsel's performance); <u>LaGrand v. Steward</u>, 133 F.3d 1253, 1276-77 (9th Cir. 1998) (denying habeas claim based on trial court's denial of petitioner's request for new counsel, where basis of request was that counsel had "failed to come to prison to visit [the petitioner] in order to discuss the defense which [petitioner] wished to use," and where petitioner "complained of inadequate time in meetings and o gloomy predictions by trial counsel.").

The record reflects that petitioner's prior counsel moved to withdraw from representing petitioner, "due to a breakdown in the attorney-client relationship." The trial court granted that motion and appointed a new attorney. Petitioner sought to remove that attorney on the day the trial was scheduled to begin because he had only met with his attorney twice and

*petitioner* felt unprepared.  Exhibit 104, p. 6.  Petitioner
did not allege any specific complaints about his attorney's
performance or that there was any conflict of interest or
"break-down in the attorney-client relationship."

Although petitioner alleges in his First Amended Petition
that he moved for "substitute counsel, i.e. himself or other
counsel" and that he was "not allowed to represent himself,"
the transcript of the proceeding indicates that petitioner
never requested to represent himself - only that he wanted to
"dismiss counsel."  Exhibit 104, p. 6.  The court simply ruled
that petitioner was "going to trial."  Id.

Under these circumstances, I find that the denial of the
motion was not an unreasonable application of federal law and
is entitled to deference by this court.

Petitioner alleges in Ground Two that the trial court
violated his "speedy trial rights under the Sixth and
Fourteenth Amendment[s]."

The Supreme Court has established a four-factor balancing
test for evaluating whether a defendant's Sixth Amendment
right to a speedy trial has been violated: "length of the
delay, reason for the delay, the defendant's assertion of his
rights, and prejudice to the defendant." Barker v. Wingo, 407
U.S. 514, 530 (1972).  No single factor is "necessary or
sufficient." Id. at 533; *see also*, Vermont v. Brillon, 129

-13-

S.Ct. 1283, 1290 (2009); Strunk v. United States, 412 U.S. 434 (1983).

In this case petitioner was first indicted in June 2005 and tried on April 10, 2008. A 34 month delay is sufficient to trigger a *Barker* analysis of the remaining three factors.

The record reflects that petitioner was on abscond or fugitive status for close to half of that 34 month period. Exhibit 117, p. 2. The delay caused by petitioner's conduct in this regard is not attributable to the state and arguably waives any Sixth Amendment speedy trial right. *See*, United States v. Sandoval, 990 F.2d 481, 483 (9th Cir. 1993).

In addition, on several occasions, petitioner requested and received new counsel and his various attorneys filed motions to suppress. Any delay occasioned by petitioner's requests for new counsel and counsel's motions is not attributable to the state. Vermont v. Brillon, 1283, 1290-1291 (2009); *see also*, Davis v. Kelly, 316 F.3d 125, 127-28 (2nd Cir. 2003).

Although one trial delay was due to the unavailability of a necessary state witness, the testimony of a necessary state witness is a "valid reason" for any state created delay. Doggett v. United States, 505 U.S. 647, 656 (1992). However, because the majority of any pre-trial delay wis attributable to petitioner, this *Barker* factor weights against petitioner.

-14-

The only indication that petitioner ever asserted his speedy trial rights is that on the day on which the trial ultimately occurred he moved to dismiss on grounds of "delay and lack of speedy trial." It is not clear that prior to the date of the trial petitioner ever properly asserted or invoked any Sixth Amendment speedy trial right. Accordingly, this factor does not appear to weigh in petitioner's favor.

The fourth *Barker* factor is prejudice to the petitioner as a result of the delay. In this case the petitioner has not alleged how 34 month period between his first indictment and his trial impaired his defense or prejudiced him in any way.

Based on the foregoing, I find that petitioner's speedy trial claim fails the *Barker* balancing test. Assuming that petitioner's cursory reference to the Fourteenth Amendment in his *pro se* supplemental brief on appeal was sufficient to fairly present a speedy trial constitutional claim, the Oregon court's denial of that claim was not an unreasonable application of clearly established federal law.

Petitioner's First Amended Petition (#27) should be denied. Petitioner's "Motion for Review of Case" (#52) and Motion for Appointment of Counsel (#53) should be denied as moot. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately

-15-

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

//////

//////

//////

//////

/////

-16-

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this  2  day of November, 2014.

_____
Mark D. Clarke
United States Magistrate Judge

-17-